# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHARLES HOBERMAN and HOBERMAN DESIGNS, INC.,**<br><br>　　　　　　　　**Plaintiffs,**<br><br>　　　v.<br><br>**CRACKER BARREL OLD COUNTRY STORE, INC. and CBOCS DISTRIBUTION, INC.,**<br><br>　　　　　　　　**Defendants.** | **Case No.:** |

## COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, TRADEMARK COUNTERFEITING, PATENT INFRINGEMENT, AND UNFAIR COMPETITION

1.　　Plaintiffs Charles Hoberman ("Hoberman") and Hoberman Designs, Inc. ("HDI") (collectively "Plaintiffs"), complaining of Defendants Cracker Barrel Old Country Store, Inc. and CBOCS Distribution, Inc. (collectively, "Cracker Barrel"), allege as follows:

## NATURE OF ACTION

2.　　This is an action for infringement of Plaintiffs' copyright, patent, trademark and trade dress rights in Plaintiffs' popular BRAIN TWIST Puzzle, and related inventions and sculptures, by the Defendants, who distribute and sell pirated Chinese-made knock offs of the BRAIN TWIST Puzzle in Defendants' Cracker Barrel Old Country Stores throughout the United States. As a direct consequence of the Defendants' wrongful conduct, consumers are likely to be confused and Plaintiffs have been and will be irreparably injured. Accordingly, Plaintiffs bring this action for copyright infringement, patent infringement, trademark infringement and trade dress infringement. Plaintiffs seek injunctive relief, treble damages or statutory damages, and their attorney's fees and costs.

## JURISDICTION AND VENUE

3.      This Court has federal question  jurisdiction over the claims in this action, which relate to copyright infringement, trademark and trade dress infringement and patent infringement, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a).

4.      This Court has personal jurisdiction over the Defendants because Defendants have sold, marketed and offered for sale in Massachusetts the products that are the subject of this action.  Defendants operate four restaurant and retail stores in the Commonwealth of Massachusetts and Defendants regularly transact business in Massachusetts.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400 (a) because Defendants are subject to personal jurisdiction in Massachusetts and/or the wrongful acts committed by Defendants occurred in and are causing injury in the Commonwealth of Massachusetts.  Defendants are marketing and selling the products that are the subject of this action in this judicial district.

## THE PARTIES

6.      Plaintiff Charles Hoberman is an individual residing in New York, New York.

7.      Plaintiff Hoberman Designs, Inc. is a New York corporation having its principal place of business at 472 Greenwich Street, 7th Floor, New York, New York 10013.

8.      Upon information and belief, Defendant Cracker Barrel Old Country Store, Inc. is a Delaware corporation with a principal place of business at 305 Hartmann Drive, Lebanon, Tennessee 37087.

9.      Upon information and belief, Defendant CBOCS Distribution Inc. is a wholly-owned subsidiary of Defendant Cracker Barrel Old Country Store, Inc., with a principal place of business at 307 Hartmann Drive, Lebanon, Tennessee 37087.

## FACTS

### The Plaintiffs and Plaintiffs' BRAIN TWIST puzzle

10.     Plaintiff Charles Hoberman is a leading inventor and designer of transformative and innovative structures and sculptures.

11.     Through his transformative inventions and sculptures, Hoberman demonstrates how objects can be foldable, retractable or shape-shifting.

12.     Hoberman's commissioned works include: a retractable dome for the 2002 World's Fair in Hanover, Germany; the Expanding Hypar at the California Museum of Science and Industry; the Expanding Sphere at the Liberty Science Center in Jersey City, New Jersey; the Expanding Geodesic Dome at the Centre Georges Pompidou in Paris; a transforming LED screen used as a primary stage element for the band U2's 360° world tour; and the "Hoberman Arch" which was installed the centerpiece for the Salt Lake City 2002 Winter Olympic Games.

13.     Plaintiff Hoberman Designs, Inc. ("HDI"), under license from Hoberman, commercializes and sells Hoberman's creative and innovative works as toys, games and gifts.

14.     The Hoberman toy line was created in 1995 to activate the imagination and inspire the minds of adults and children.  Hoberman toys are synonymous with smart play and have become popular and well-known throughout the United States and the world.  The Hoberman Sphere, for example, combines features of art, architecture and technology.  The Hoberman Sphere is made of small plastic rods that fold together into a spikey ball and then can expand to three times its size.  Children are mesmerized by watching the sphere expand and contract.  The Hoberman Sphere received numerous awards, including the Parent's Choice Gold Award in 1998.

15.     HDI's current line of toys, games and gifts includes a variety of toys and puzzles, each of which transform in shape or function in a unique and creative way.

16.     In or around 2003, Charles Hoberman created an original work of authorship in the form of a sculpture titled the "Brain Twist."  The Brain Twist is a three-dimensional sculpture that consists of pyramid made up of various multi-colored petals that twist and turn, transforming the shape and appearance of the sculpture.

17.     The United States Copyright Office issued Plaintiff Charles Hoberman copyright registration number VA 1-424-411 on September 18, 2006 for the Brain Twist sculpture in open and closed form.  A copy of Hoberman's Copyright Registration Certificate and the deposit submitted to the Copyright Office are attached as Exhibit A.

18.     In addition to its protection as a copyrighted work, the unique and innovative Brain Twist puzzle embodies an invention made by Charles Hoberman for a Transforming Puzzle.

19.     The United States Patent and Trademark Office issued Patent Number 7,125,015 B2 (the "'015 Patent") to Charles Hoberman for his Transforming Puzzle invention on October 24, 2006.   A copy of Plaintiff Charles Hoberman's Patent is attached as Exhibit B.

20.     One of HDI's unique transforming toys, and the subject of this present action, is the BRAIN TWIST Puzzle, which embodies Hobermans' Transforming Puzzle invention and commercializes the copyrighted Brain Twist sculpture.

21.     The BRAIN TWIST Puzzle is one of the most popular toys offered by HDI and the suggested retail price for the BRAIN TWIST Puzzle is $14.99.

22.     The BRAIN TWIST Puzzle is sold and marketed under the BRAIN TWIST

trademark and the stylized BRAIN TWIST TRANSFORMING PUZZLE mark shown below:



23.     HDI's BRAIN TWIST Puzzle is a tetrahedron (a three-sided pyramid) in its

closed state.  The tetrahedron is made up of 12 moving petals, each with two colors appearing on

opposite sides of the petal.  The puzzle twists from its tetrahedron state into a 12-point star and

then into a new, different-colored tetrahedron.  The puzzle has a total of eight colors, four colors

for each of the two tetrahedron states.  The colors that appear on the BRAIN TWIST Puzzle are:

light green, red,  purple, magenta, blue, yellow, orange, and dark green.  To solve the puzzle, a

user flips the petals and spins the corners of each tetrahedron until one of two states is reached:

either the colors of the petals on each face of the tetrahedron are identical or the colors of the

petals on each corner of the tetrahedron are identical.

24.     HDI markets and sells its BRAIN TWIST Puzzle in unique and distinctive

packaging which includes, among other elements:

- the use of the BRAIN TWIST mark and the stylized BRAIN TWIST
  TRANSFORMING PUZZLE mark;

- a distinctive blue package background;

- photographs of the BRAIN TWIST Puzzle in its various configurations;

- a photograph of girl solving the puzzle, framed by a circle and the words
  "Hours of Brain-Twisting Fun!", appearing on the left side of the package
  box;

- a photograph of a boy and girl solving the puzzle, framed by a circle and the words "Can You Solve It…Faster than Your Friends?" appearing on the right side of the package box;

- the phrase "For kids from 8 to 108!" appearing in the upper right hand corners of each side of the package box;

- the phrase "Ultimate Brain-Teasing Fun" appearing on the front of the package box;

- the phrase "Think You've Solved it? Think Again!" appearing on the top of the package box;

- the phrases "Over 35 Million Possible Combinations," and "'Solution Hints' Guide Included" appearing on the right side of the package box; and

- the phrases "1. Match the SIDES 2. Match the CONES" appearing above photos of the puzzle in closed form on the left side of the package box;

Photographs showing each side of the BRAIN TWIST puzzle packaging are attached as Exhibit C.

25.     HDI expends substantial resources to market and promote the BRAIN TWIST Puzzle.

26.     In addition to its own marketing and promotion, HDI's toys and games are marketed and sold by authorized retailers and distributors.

27.     HDI and its agents attend dozens of trade shows a year, including all major industry trade shows, to market and promote HDI's toys, including the BRAIN TWIST Puzzle.

28.     Due to the popularity and creativity of the BRAIN TWIST Puzzle and other HDI toys and games, HDI has experienced a significant problem with inferior and unauthorized knockoffs of its toys being distributed and sold in the United States and abroad.

29.     Indeed, HDI has received countless customer complaints evidencing actual confusion caused by inferior and unauthorized knockoffs of HDI toys sold to unsuspecting consumers.

30.    To combat the problem, HDI has expended significant resources in efforts to enforce its intellectual property rights, in particular against inferior knockoff toys manufactured in China and distributed and offered for sale in the United States at prices lower than the prices for authentic HDI products.

31.    Indeed, as part of its intellectual property enforcement efforts, HDI includes the following notices on its toy and game packages, including on the package for the BRAIN TWIST Puzzle: "Hoberman Designs has patents and copyrights for its innovation, popular designs.  Courts and customs officials around the world have supported us to prevent the sale of unauthorized copies.  Patent or copyright infringement is a matter of serious legal liability.  We will vigorously pursue remedies against infringers.  We take our high standards and legal rights seriously, and expect the same of all importers and retailers.  Anyone who finds an authorized copy of our products being sold and can provide us with detailed information will be rewarded."

### Cracker Barrel and its Infringing BRAIN TWIST Puzzle

32.    Cracker Barrel is a popular restaurant and retail store with over 600 stores in 42 states, including four locations in Massachusetts.

33.    Each Cracker Barrel location boasts a "country-style" restaurant combined with an "old country store" themed retail gift shop.

34.    Cracker Barrel's retail shops offer various toy and gift items, including educational games and puzzles selected to fit in with Cracker Barrel's old fashioned American theme.

35.    With restaurant and retail store locations situated on highly-travelled interstates, each Cracker Barrel restaurant and retail store purportedly enjoys nearly seven thousand guests per week.

36.     Cracker Barrel reports that its combined net sales from its restaurant and retail stores total millions of dollars a year. Indeed, Cracker Barrel reports annual revenues exceeding $2.4 billion.

37.     Due to Cracker Barrel's widespread success in retail toy and game sales, toy producers and distributors seek to have their toys sold in Cracker Barrel stores.

38.     In fact, in or around June 1, 2011, an agent of HDI's United States wholesaler met with Karen Smith, toy buyer for Cracker Barrel, at Cracker Barrel's Tennessee buying office, to demonstrate that HDI's toys should be sold in Cracker Barrel's retail stores.

39.     Ms. Smith was presented with several HDI toys.

40.     Ms. Smith declined to purchase any HDI toys for sale at Cracker Barrel stores.

41.     Despite having and declining the opportunity to purchase legitimate HDI toys, HDI has recently discovered that Cracker Barrel is selling blatant Chinese knockoffs of HDI toys in its retail locations throughout the United States.

42.     Specifically, Cracker Barrel distributes and offers for sale pirated knockoffs of HDI's authentic BRAIN TWIST Puzzle in packaging that is nearly identical and substantially similar to HDI's BRAIN TWIST trade dress (the "Infringing Puzzles").  Photographs showing each side of the Infringing Puzzles packaging are attached as Exhibit D and side by side comparisons of HDI's BRAIN TWIST packaging and the Infringing Puzzles packaging are shown below:

| HDI's Authentic BRAIN TWIST Packaging | Cracker Barrel's Infringing Puzzles Packaging |
|---|---|
|  |  |
|  |  |

| HDI's Authentic BRAIN TWIST Packaging | Cracker Barrel's Infringing Puzzles Packaging |
|---|---|
|  |  |
|  |  |

43.    Cracker Barrel's Infringing Puzzles also embody the invention in the '015 Patent and are unauthorized copies of the copyrighted Brain Twist sculpture.

44.    Cracker Barrel's Infringing Puzzles are offered for sale at a price of $5.99 and include a label on the bottom of the package box indicating that the Infringing Puzzle is distributed by Defendant CBOCS Distribution, Inc.  The label also identifies Giggles International, Guangdong China, as well as a date and batch number.  A photograph showing the label of an Infringing Puzzle purchased from Cracker Barrel is attached as Exhibit E.

45.    Indeed, the similarities between HDI's authentic BRAIN TWIST Puzzle, the copyrighted work and patented invention, on the one hand, and Cracker Barrel's Infringing

Puzzles, on the other, are numerous and hardly coincidental.  Side by side comparisons are

shown below:



| Hoberman's Authentic BRAIN TWIST Puzzle | Cracker Barrel's Infringing Puzzle |
| --- | --- |

| Hoberman's Authentic BRAIN TWIST Puzzle | Cracker Barrel's Infringing Puzzle |
|---|---|
| | |

46.    As shown above, Cracker Barrel's Infringing Puzzles copy the shape of the copyrighted sculpture of the authentic BRAIN TWIST Puzzle, in both the open and closed state.

47.    The Infringing Puzzle also embodies the invention set forth in the '015 Patent.

48.    Furthermore, the Infringing Puzzles copy the exact color combinations used in HDI's authentic BRAIN TWIST Puzzle. Photographs showing each side of HDI's BRAIN TWIST Puzzle next to each side of one of Cracker Barrel's Infringing Puzzles are attached as Exhibit F and several examples of the colors are shown below:







49.     In addition, the side by side comparisons of HDI's authentic BRAIN TWIST

packaging and Cracker Barrel's Infringing Puzzles (see Paragraph 41 above and compare

Exhibit C to Exhibit D), demonstrate that the packaging for Cracker Barrel's Infringing Puzzles

copies nearly every element of HDI's BRAIN TWIST packaging, including:

- the use of the BRAIN TWIST and stylized BRAIN TWIST TRANSFORMING PUZZLE marks;

- a distinctive blue package background;

- photographs of the Brain Twist puzzle in its various configurations;

- photograph of girl solving the puzzle, framed by a circle and the words ""Hours of Brain-Twisting Fun!", appearing on the left side of the package box;

- photograph of a boy and girl solving the puzzle, framed by a circle and the words "Can You Solve It...Faster than Your Friends?" appearing on the right side of the package box;

- the phrase "or kids from 8 to 108!" appearing in the upper right hand corners of each side of the package box;

- the phrase "Ultimate Brain-Teasing Fun" appearing on the front of the package box;

- the phrase "Think You've Solved it? Think Again!" appearing on the top of the package box;

- the phrases "Over 35 Million Possible Combinations," and "'Solution Hints' Guide Included" appearing on the right side of the package box; and

- the phrases "1. Match the SIDES 2. Match the CONES" appearing above photos of the puzzle in closed form on the left side of the package box.

50.     In light of the above, consumers are likely to be confused that Defendants' Infringing Puzzles are associated with HDI's legitimate BRAIN TWIST Puzzle, or that the Infringing Puzzles are authorized by Plaintiffs.

51.     Since consumers associate the Infringing Puzzles with Plaintiffs, Plaintiffs are likely to be harmed because the quality of the Infringing Puzzles is not of the high standards that Hoberman requires for its authentic BRAIN TWIST puzzles.

52.     As a direct consequence of Defendants' unauthorized use of the BRAIN TWIST trademarks and trade dress, HDI has been irreparably injured and the purchasing public has likely been deceived into believing that the Infringing Puzzles offered and sold by Defendants are authorized, endorsed, or approved by HDI.

53.     Furthermore, as a direct consequence of Defendants' unauthorized copying of the copyrighted Brain Twist sculpture and use of a product embodying the '015 Patent, Hoberman and HDI, as licensee, have been and continue to be irreparably harmed.

54.     In particular, the price discrepancy between a legitimate HDI BRAIN TWIST Puzzle ($14.99) and Cracker Barrel's knockoff Infringing Puzzle ($5.99) significantly and irreparably harms Hoberman by, among other things, lowering the perceived value of HDI's legitimate product and by making it increasingly difficult for HDI to compete with Cracker Barrel's lower-priced knockoff.

55.     After discovering Cracker Barrel's sale of Infringing Puzzles, on or about July 1,

2011, Carolyn Hoberman, President of HDI, telephoned Karen Smith, buyer for Cracker Barrel.

56.     Ms. Hoberman left a voicemail message for Ms. Smith describing her recent

discovery of the blatant BRAIN TWIST knockoffs being sold at Cracker Barrel store and putting

Ms. Smith on notice of HDI's rights in the intellectual property associated with the BRAIN

TWIST Puzzle.

57.     On or about July 5, 2011, Ms. Hoberman received a telephone call from Victoria

Harvey, who identified herself as Cracker Barrel's counsel.

58.     Ms. Harvey indicated that she was calling Ms. Hoberman in response to the

voicemail left for Ms. Smith the week prior.

59.     Ms. Hoberman expressed to Ms. Harvey her concern in discovering the Infringing

Puzzles for sale at Cracker Barrel stores and put Ms. Harvey on notice of HDI's intellectual

property rights in the BRAIN TWIST Puzzle.

60.     Ms. Hoberman demanded that Cracker Barrel remove the Infringing Puzzles from

Cracker Barrel stores.

61.     Ms. Harvey responded that she would look into the matter.

62.     As of the date of the filing of this complaint, HDI and Hoberman have received

no further communications from Cracker Barrel.

63.     However, Cracker Barrel continues to sell and to offer for sale the Infringing

Puzzles, despite being put on notice of  HDI's intellectual property rights.

64.     Indeed, purchases of Infringing Puzzles were made from Cracker Barrel stores in

Morrisville, North Carolina on July 6, 2011 and from Wrentham, Massachusetts on July 13, 2011

and on August 23, 2011.

65.     Defendants are willfully ignoring Plaintiffs' exclusive rights in the copyrighted work,  trademarks, trade dress and  patent and seeking to trade on HDI's goodwill associated with the BRAIN TWIST brand and design.  If not stopped, Defendants' conduct will cause significant consumer confusion, blur the public's exclusive association of the BRAIN TWIST mark and design with Plaintiffs, tarnish and erode the value of Plaintiffs' marks, and harm Plaintiffs' goodwill.

66.     In addition, as a direct consequence of Defendants' unauthorized use and sale of goods that incorporate Hoberman's patented inventions, Plaintiffs have been irreparably injured and Defendants have wrongfully profited through use of an invention that belongs exclusively to Hoberman and is licensed exclusively to HDI.

## COUNT I
### (Copyright Infringement)

67.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

68.     Hoberman's Brain Twist sculpture constitutes a copyrightable work protected under Title 17 of the United States Code.

69.     Charles Hoberman is the sole owner of all right, title and interest in and to the copyright in the puzzle and HDI is an exclusive licensee of the rights to commercialize the copyrighted work in the toy and game field and gift fields.

70.     Charles Hoberman is the owner of United States Copyright Registration VA 1-424-411, registered by the United States Copyright Office with an effective date of September 18, 2009.

71.     By reproducing, displaying, distributing and/or making derivative works of the copyright work without Hoberman's permission, Defendants' actions constitute infringement of Hoberman's and HDI's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

72.     Upon information and belief, Defendants' actions were, and continue to be, a knowing, intentional and deliberate violation of Plaintiffs' rights in the copyrighted work, and Defendants' infringement was and continues to be committed willfully within the meaning of 17 U.S.C. § 504.

73.     Plaintiffs have been damaged and will continue to be damaged by Defendants' acts unless Defendants are preliminary and thereafter permanently enjoined by this Court.

74.     Plaintiffs have no adequate remedy at law.

75.     Defendants' actions have caused substantial damage to Plaintiffs in an amount to be determined.

76.     Defendants' actions have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT II
### (Federal Patent Infringement)

77.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

78.     Defendants have infringed and continue to infringe the '015 Patent by their manufacture, sale, offer for sale, and/or use of an product which is substantially the same as the patented  invention in the '015 Patent.

79.     Upon information and belief, Defendants have knowingly and willfully infringed the '015 Patent.

80.     Defendants' infringement of the '015 Patent has and will continue to cause Hoberman damage and irreparable harm unless enjoined by this Court.

81.     Hoberman has no adequate remedy at law.

82.     Defendants' actions have caused substantial damage to Hoberman in an amount to be determined.

83.     Defendants' actions have unlawfully enriched and benefited Defendants in an amount to be determined.

**COUNT III**
**(False Designation, Description, and Representation under**
**Section 43(a) of The Lanham Act)**

84.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

85.     For years, HDI has been, and is presently, engaged in the distribution, promotion, and sale of its BRAIN TWIST puzzle throughout the United States.

86.     Continuously and long prior to Defendants' acts, HDI has been distributing, promoting, and selling in interstate commerce its BRAIN TWIST Puzzle using the distinctive BRAIN TWIST word mark and stylized BRAIN TWIST design mark

87.     The BRAIN TWIST Marks are distinctive and have become well and favorably known to distributors and end-users as identifying HDI as the sole and exclusive source of products sold under the BRAIN TWIST Marks.

88.     Consumers have also come to recognize that the BRAIN TWIST Marks symbolize high quality and have come to represent valuable goodwill which HDI owns.

89.     Cracker Barrel has distributed, sold and offered for sale Infringing Puzzles under the BRAIN TWIST Marks.

90.      Defendants' actions have been willful and deliberately designed to misappropriate Hoberman's distinctive BRAIN TWIST Marks with the intention and for the purpose of trading upon Hoberman's goodwill.

91.     Defendants' use and misuse of the BRAIN TWIST Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, association sponsorship, or approval of the Defendants' products, in that the trade and consumers are likely

18

to believe, or will believe, that the Defendants' Infringing Puzzles originate with or are associated with HDI.

92.     Defendants' actions constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

93.      Defendants' actions have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable damage.

94.     Plaintiffs have no adequate remedy at law.

95.     Defendants' actions have harmed Plaintiffs' reputation and goodwill and have caused substantial damage to Plaintiffs in an amount to be determined.

96.     Defendants' actions have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT IV
### (Trade Dress Infringement under Section 43(a) of The Lanham Act)

97.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

98.     This is a claim for trade dress infringement arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

99.     For years, HDI has been, and is presently, engaged in the distribution, promotion, and sale of its BRAIN TWIST puzzle throughout the United States.

100.     Continuously and long prior to Defendants' acts, HDI has been distributing, promoting, and selling in interstate commerce its BRAIN TWIST puzzle using a distinctive trade dress.  HDI's distinctive BRAIN TWIST trade dress is depicted in the images shown above and includes, without limitation: (a) the color combinations used on the petals of the BRAIN TWIST

19

puzzle, (b) the blue product packaging, (c) the photographs used by HDI their placement on the product packaging, (d) the use of various phrases unique to HDI's BRAIN TWIST packaging.

101.    The overall design and features of the trade dress for HDI's BRAIN TWIST Puzzle and product packaging are arbitrary and non-functional.

102.    As a result of HDI's established use and extensive promotion and sales, the BRAIN TWIST trade dress has acquired distinctiveness and has become well and favorably known to distributors and end-users as identifying HDI as the sole and exclusive source thereof. Consumers have also come to recognize that the BRAIN TWIST Puzzle, in its distinctive trade dress, is of high quality and, as a result, the distinctive trade dress has come to represent valuable goodwill which HDI owns.

103.    HDI's BRAIN TWIST Puzzles are well known by their distinctive trade dress, which is recognized as an indicator of origin with HDI, and the trade and consumers have come to rely on this distinctive trade dress as an indication that they are receiving the products of HDI.

104.    The trade dress used on the Infringing Puzzles distributed, sold and offered for sale by the Defendants copies the shape, color, design and unique non-functional features of HDI's BRAIN TWIST trade dress.

105.    The Infringing Puzzles have been deliberately designed to misappropriate HDI's distinctive BRAIN TWIST trade dress with the intention and for the purpose of trading upon HDI's goodwill.

106.    Defendants' misuse of HDI's distinctive trade dress for the Infringing Puzzles has and is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Defendants' products, in that the trade and consumers are likely to believe, or will believe, that the Defendants' Infringing Puzzles originate with or are associated with HDI.

107.    A nearly limitless number of other shapes, designs, and features could have been used on the Infringing Puzzles sold by the Defendants, rather than using a design which copies non-functional features directly from HDI's unique BRAIN TWIST trade dress.

108.    By reason of the foregoing, Defendants have violated and are continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). HDI has no adequate remedy at law and is suffering irreparable harm.

## COUNT V
### (Unfair and Deceptive Business Practices under
### Mass. Gen. Laws ch. 93A and the laws of other states)

109.    Plaintiff repeats and incorporates all prior allegations as if set forth fully herein.

110.    Defendants' acts set forth above constitute unfair and deceptive business practices and unfair competition in violation of Mass. Gen. L. ch. 93A, § 2 and in violation of the common law of states in which Cracker Barrel has marketed and sold its Infringing Puzzles, in that the actions have caused confusion in the minds of the consuming public, injured the Plaintiffs' goodwill, and unjustly enriched the Defendants at the expense of and to the detriment of the Plaintiffs.

111.    Defendants' acts are knowing and willful violations and are causing Plaintiffs irreparable injury.  Plaintiffs have no adequate remedy at law.

112.    Defendants' actions have caused and, unless enjoined by this court, will continue to cause great and irreparable injury to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.      That the Court enter judgment that Defendants' actions have violated and, unless enjoined, will continue to violate the Plaintiffs' rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

2.      That the Court enter judgment that Defendants' actions have violated and, unless enjoined, will continue to violate the Plaintiffs' rights under Section 43 of the Lanham Act.

3.      That the Court enter judgment that Defendants have infringed and, unless enjoined, will continue to infringe Hoberman's '015 Patent.

4.      That the Court preliminarily and permanently enjoin and restrain Defendants, their owners, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons acting in concert or in participating with Defendants:

      a.      from using the BRAIN TWIST Marks and the BRAIN TWIST trade dress, or any other trademark, service mark, or source designation of any kind that is confusingly similar to or dilutive of HDI's marks or trade dress;

      b.      from otherwise competing unfairly with HDI or Hoberman in any manner;

      c.      from using, selling or offering for sale the Infringing Puzzles; and

      d.      from conspiring with, aiding, assisting or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs (a)-(c) above.

5.      That the Court order Defendants, their owners, directors, officers, agents, servants, employees and all persons acting in concert or participating with Defendants to deliver up for destruction all infringing articles and materials in their possession or control that reflect the unauthorized use of HDI's BRAIN TWIST Marks or trade dress.

6.      That the Court order Defendants to file with the Court and to serve on counsel for Plaintiffs, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting for the in detail the manner and form in which Defendants have complied with the foregoing injunction provisions.

7.      That the Court order an accounting and render judgment against Defendants for an amount equal to treble all profits received from their unauthorized use of the HDI's trademarks and trade dress.

8.      That the Court enter judgment in favor of Plaintiffs for all damages sustained on account of Defendants' trademark and trade dress infringement and that such damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

9.      That the Court enter judgment in favor of Plaintiffs in an amount equal to, at Plaintiffs' election: (a) statutory damages for up to thirty thousand dollars ($30,000) for each infringement of the copyrighted work, enhanced up to one hundred and fifty thousand dollars ($150,000) per infringement on a finding that Defendants' activities were willful; (b) the actual damages suffered by Plaintiffs on account of Defendants' copyright infringement, plus any profits of Defendants attributable to such infringement.

10.     That Plaintiffs be awarded their attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505.

11.     That the Court find that Defendants' patent infringement has been willful.

12.     That the Court award Hoberman damages pursuant to 35 U.S.C. § 289 due to Defendants' infringement of the '015 Patent and/or award Hoberman damages pursuant to 35 U.S.C. § 284 adequate to compensate Hoberman for infringement of the '015 Patent, increased threefold for willfulness, together with interest and costs.

13.     That the Court find that this is an exceptional case and award Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

14.     For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.


Respectfully submitted,

**CHARLES HOBERMAN and
HOBERMAN DESIGNS, INC.**

By their attorneys,
BURNS & LEVINSON LLP

By:     */s/ Sara Beccia*
        Mark Schonfeld (BBO #446980)
        Deborah J. Peckham (BBO #564865)
        Sara Beccia (BBO #667277)
        BURNS & LEVINSON LLP
        125 Summer Street
        Boston, MA  02110
        Telephone:  (617) 345-3000
        Facsimile:  (617) 345-3299


Dated:  September 1, 2011

1624362